# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause No. 1:18-CR-47-HAB |
| ROBIN C. OPPER, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant's objection to removal of the two-level decrease in his offense level under U.S.S.G. § 3E1.1(a). Defendant filed his Brief in Support of Offense Level Decrease (ECF No. 38) on January 7, 2019. The Government filed its Response (ECF No. 39) on January 17, 2019. For the reasons set forth below, the Defendant's objection will be sustained.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant is the mastermind of a broad scheme whereby employees of BAE Systems, a defense contractor located in Fort Wayne, Indiana, obtained tuition reimbursement for college courses that they never enrolled in or attended. On December 19, 2017, ten people were indicted for their participation in the scheme. Defendant was not indicted at that time. Shortly after the indictments, Defendant voluntarily contacted authorities and agreed to provide a statement. Defendant provided a full and complete accounting of his involvement in the scheme, provided details regarding the scheme not yet known to authorities, and agreed to waive indictment and enter a plea of guilty to an information. Defendant then timely entered a plea of guilty. Defendant agreed as part of the plea agreement to make restitution for his own improper reimbursement

($37,500) and agreed to be joint and severally liable for the loss BAE suffered as a result of payments made to those individuals whom he assisted ($529,118.50).

On June 6, 2018, the Government filed a notice pursuant to U.S.S.G. §3E1.1(b), recommending a one-level reduction for acceptance of responsibility and for assisting authorities in the investigation or prosecution of his own misconduct by timely notifying the U.S. Attorney's Office of his intention to plead guilty. This recommendation was conditioned on Defendant's acceptance of responsibility. Pursuant to paragraph 8(c)(i) of the plea agreement, the Government was not obligated to recommend that Defendant receive the acceptance of responsibility adjustment if Defendant denied his involvement in the offense, gave conflicting statements of his involvement, or engaged in additional criminal conduct including the personal use of controlled substances. On September 19, 2018, the United States Probation Office filed a presentence investigation report (PSIR) and recommended Defendant receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

Subsequent to entering a plea of guilty and prior to sentencing, Defendant was arrested and charged for a new criminal offense in case number 02D04-1809-CM-4240. On November 28, 2018, Defendant entered a plea of guilty to Disorderly Conduct, a Class B misdemeanor, and received a 180-day suspended sentence. The United States Probation Department then filed an amended PSIR and found that Defendant's arrest and conviction of a new criminal offense was inconsistent with acceptance of responsibility. The United States Probation Department revised the PSIR to exclude the two-level reduction under U.S.S.G. § 3E1.1(a). The Government also notified the United States Probation Office that it was no longer recommending an additional one level reduction under § 3E1.1(b). Defendant noted his objection to the amended PSIR during a telephonic status conference on December 10, 2018.

# LEGAL ANALYSIS

U.S.S.G. § 3E1.1(a) provides for a two-level decrease in the offense level "if the defendant clearly demonstrates acceptance of responsibility for his offense." Application Note 1(B) states that, in determining whether a defendant qualifies under subsection (a), the Court can consider the defendant's "voluntary termination or withdrawal from criminal conduct or associations." The majority of the federal circuits, including the Seventh Circuit, interpret this language so as to permit a district court to refuse the two-level decrease for subsequent criminal activity regardless of whether the subsequent activity is related to the charge for which the defendant is facing sentencing. *See, e.g.*, *United States v. McDonald*, 22 F.3d 139, 142 (7th Cir. 1994); *United States v. O'Neil*, 936 F.2d 599, 600 (1st Cir. 1991); *United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990); *United States v. Scroggins*, 880 F.2d 1204, 1216 (11th Cir. 1989); *but see United States v. Morrison*, 983 F.2d 730, 735 (6th Cir. 1993) (holding that Application Note 1(B) applies only to conduct related to the offense of conviction).

*McDonald* recognized the balancing test stated in Application Note 3 for determining whether continued criminal activity precludes a reduction for acceptance of responsibility. As the Seventh Circuit stated,

> While a defendant's continued criminal activity does not preclude him from receiving a reduction for acceptance of responsibility, it is properly considered by a sentencing judge as it bears on the charged offense. Although a guilty plea before trial is significant evidence of acceptance of responsibility, it may be outweighed by conduct of the defendant that is inconsistent with such acceptance. A district court may conclude that continued criminal activity, such as use of a controlled substance, is not consistent with acceptance of responsibility.

*McDonald*, 22 F.3d at 144 (citations omitted). Thus, the task before the Court is to determine whether Defendant's conviction for misdemeanor disorderly conduct outweighs his conduct demonstrating acceptance for his crimes.

The Court concludes that Defendant's history of acceptance and cooperation far outweigh his subsequent misdemeanor conviction. As noted above, Defendant voluntarily reported his role in the tuition scheme to authorities, provided them with additional information related to the scheme, pled guilty without an indictment, and agreed to a restitution amount far beyond his own personal gain. Defendant, then, went well-beyond what is normally expected of a defendant to receive the § 3E1.1(a) reduction, and indeed well-beyond the other participants in the tuition scheme.

This is not to say that the Court approves of or otherwise condones Defendant's conduct. However, Defendant has already been punished for his conduct through his state court sentence and the loss of the one-point reduction under § 3E1.1(b). The Court cannot conclude that Defendant should be further punished via the loss of the two-level decrease in his offense level, and the accompanying guideline range increase of eleven to fourteen months, for a crime that the State of Indiana did not see fit to require a single day in jail. Such additional punishment would result in a guideline sentence greater than necessary to achieve the goals of sentencing.

## CONCLUSION

For the foregoing reasons, Defendant's objection to his revised offense level is SUSTAINED. The United States Probation Office is hereby ORDERED to prepare a revised PSIR reflecting Defendant's offense level as 23.

SO ORDERED on July 9, 2019.

                                       s/ Holly A. Brady
                                       JUDGE HOLLY A. BRADY
                                       UNITED STATES DISTRICT COURT